### UNITED STATES v. BLOYS et al.

District Court, N. D. Texas, Dallas Division. May 9, 1927.

No. 3731.

Post office ⟺10(4)—Surety on post office employee's bond held liable for employee's embezzlement of moneys collected on C. O. D. parcels for transmission to senders.

Surety on post office employee's bond, binding employee to faithfully discharge all duties and trusts imposed on him, and to account for and pay over to proper persons moneys coming into his hands by virtue of his employment, *held* liable for employee's embezzlement of private funds collected by him for transmission to senders of C. O. D. parcels delivered by him.

At law. Action by the United States against James E. Bloys and others. On exceptions and demurrer to the action. Exceptions and demurrer overruled.

N. A. Dodge, Asst. U. S. Atty., of Fort Worth, Tex.

Albert B. Hall, of Dallas, Tex., for defendants.

ATWELL, District Judge. Defendant surety company insists that the case of Smyer v. United States, 47 S. Ct. 375, 71 L. Ed. ——, decided by the Supreme Court on February 21, 1927, rules this case. The Smyer suit was upon a postmaster's bond for an alleged infidelity by an employee of the Birmingham office.

The instant suit is upon a bond given by an employee in the Dallas office, in which he was bounden to "faithfully account for, deliver, and pay over to the proper officer or person, all moneys, mail matter, and other property of every kind which shall come into his hands by virtue of his occupancy of any position or positions in said post office, * * * and shall perform all duties and obligations imposed upon and required of him by law, or by regulation made pursuant to law, in connection with the postal saving

system. * * *" The first sentences of the bond read as follows: "Faithfully discharge all the duties and trusts imposed on him as such heretofore designated employee."

It is claimed in the petition that C. O. D. parcels for delivery from the Dallas office came into his possession; that he took these parcels to the parties to whom they were addressed, took from such parcels a memorandum that was attached thereto, and received from the parties moneys with which to purchase money orders to be transmitted to the senders of the packages. The memorandum which he took from each package served as an application for such money order. Manifestly the moneys he received from such patrons were not United States moneys. They were not money order funds. They were private funds.

Manifestly, also, they were moneys protected by the largeness of the employee's bond. He was to account for moneys and mail, whether such moneys and mail belonged to the government or not. He was to account for them faithfully, whether they were private property or government property. It made, and makes, no difference under the wording of his bond. The articles and funds which it is claimed he embezzled came into his possession, and it was obligatory upon him to lawfully and safely deliver them.

It is possible that the same wording was in the Smyer bond. If so, the words were not considered by the Supreme Court, nor thought to be helpful in the determination of the Smyer decision. Certainly that cannot be said of this case. Postmaster Smyer's bond was not held liable for private funds that came into employee Smith's hands. Here the employee's bond is sued upon.

I think the demurrers and exceptions should be overruled.